JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 7391

------------------------------------X

SANDRA DE LA CRUZ, Administratrix of the
Estate of ANDY HENRIQUEZ,

                    Plaintiff,

-against-

THE CITY OF NEW YORK & JOHN & JANE
DOES #1-10,

                    Defendants.

------------------------------------X

COMPLAINT

Civ. No.

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1.  Plaintiff, as Administratrix of the estate of Decedent ANDY HENRIQUEZ, brings this action pursuant to 42 U.S.C. § 1983 *et. seq.* for deprivation of adequate medical treatment and deprivation of protected rights, including those rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, that transpired in April 2013 when employees and/or agents of the CITY OF NEW YORK, while actually aware of Decedent ANDY HENRIQUEZ's life-threatening physical condition, acted with deliberate indifference to his life and health and were intentionally injurious, reckless, callous, and grossly negligent in continuously denying the Decedent access to medical treatment essential for the preservation of his life. Plaintiff also brings pendent state claims for medical malpractice and negligence for inadequate treatment of Decedent HENRIQUEZ's condition and denial of life-saving treatment.

2. In or about April 2013, including at the time of his death on April 7, 2013, Decedent HENRIQUEZ was incarcerated at Rikers Island Correctional Facility (hereinafter "Rikers"), which is owned and operated by Defendant THE CITY OF NEW YORK.

3. On or about April 4, 2013, three days prior to his death, Decedent HENRIQUEZ was provided medical treatment by JOHN AND JANE DOE DEFENDANTS #6-10 at a medical facility at Rikers for pain and cramping in his left leg, as well as chest pain and diarrhea. Defendants failed to properly examine Decedent and diagnose his life-threatening condition, instead prescribing muscle relaxants, anti-inflammatory and anti-diarrheal medications.

4. Defendants JOHN AND JANE DOES #6-10 failed to properly diagnose and treat Decedent's severe medical condition, were deliberately indifferent to the severity and underlying cause of Decedent's symptoms, and were willful, wanton and/or reckless in their failure to properly treat or diagnose Decedent HENRIQUEZ.

5. Decedent HENRIQUEZ repeatedly complained of pain and tightness in his chest and difficulty breathing for at least two days prior to his death. During this time, Decedent asked the staff at Rikers several times for medical assistance, including asthma medication, which Decedent believed would allow him to breathe, and to see medical personnel, yet Decedent was denied both medication and proper medical treatment.

6. In the days prior to his to death, Defendants were notified of Decedent HENRIQUEZ's grave condition not only by Decedent, but also by Decedent's fellow inmates at Rikers, Decedent's girlfriend, and Plaintiff (Decedent's mother). Several of Decedent's fellow inmates commented to corrections officers at Rikers that Decedent looked very sick, yet the corrections officers continued to refuse Decedent access to the infirmary or other proper emergency medical treatment. Furthermore, Decedent's girlfriend and Plaintiff, alarmed at

Decedent's grave condition when they visited him in the days before his death, each made several calls to 311 to report Decedent's grave condition and to request that Decedent be given emergency medical treatment. However, the repeated requests and telephone calls were ignored, and the City of New York and the staff at Rikers continued to deny Decedent proper emergency medical care.

7. Furthermore, Decedent HENRIQUEZ's physical appearance made his urgent need for medical attention obvious, yet Defendants, with deliberate indifference to Decedent's health and life, refused to provide adequate and emergency medical treatment. By April 5, 2013, two days before Decedent's death, Decedent's condition had so severely deteriorated that he had great difficulty walking without assistance. He was extremely pale and weak, could barely speak and was having an extremely difficult time breathing, making his life-threatening physical condition obvious to everyone that saw him. Several corrections officers even commented to Decedent that he "looked sick," yet they denied Decedent proper medical treatment.

8. On April 7, 2013, despite the fact that Decedent was unable to walk on his own and could barely breathe, Defendants JOHN AND JANE DOES #1-5 left Decedent alone in his solitary confinement cell in the area of Rikers known as the Bing.

9. As a result of Defendants' refusal to provide Decedent HENRIQUEZ with adequate medical treatment, he died of a hemopericardium due to a ruptured aortic dissection caused by a medial degeneration of the aorta. Decedent was found dead in his cell by corrections officers at Rikers at 9:37 p.m. on April 7, 2013.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United

States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

12. Prior to the commencement of this action, and within ninety days of appointment of Plaintiff as Administratrix of Decedent's estate, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK on August 7, 2013, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

13. Over thirty days have elapsed since the service of such Notice of Claim, and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

14. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES.

15. At all relevant times, Plaintiff is and was a resident of New York County, New York.

16. At all times relevant hereto, Defendants JOHN & JANE DOES #1-10 acted in their official capacities, and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

17. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

18. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned and operated the facilities at Rikers and the 311 municipal telephone line.

19. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned, operated, and controlled various medical facilities at Rikers.

20. At all times relevant hereto, the aforesaid medical facilities held themselves out as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes hired doctors, surgeons, nurses, specialists, attendants and other personnel.

21. Defendants JOHN & JANE DOES #1-5 are employees acting within the scope of their employment as corrections officers for the New York City Department of Corrections at Rikers and the 311 municipal telephone line.

22. Defendants JOHN & JANE DOES #6-10 are employees acting within the scope of their employment as medical personnel for the New York City Department of Corrections at Rikers.

**AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANTS JOHN & JANE DOES #1-5 AND THE CITY OF NEW YORK**

23. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. Defendants JOHN & JANE DOES #1-5 failed to provide and/or allow Decedent HENRIQUEZ to obtain medical treatment while being actually aware of the substantial risk that serious harm to Decedent would result.

25. The refusal of Defendants JOHN & JANE DOES #1-5 to provide and allow Decedent to obtain medical treatment was intentionally injurious, reckless, callous, and/or or grossly negligent, in that Defendants were aware of Decedent's blatantly obvious severe and life-threatening condition, Defendants knew or should have known that treatment was necessary to preserve Decedent's life, Decedent and several others continuously requested medical treatment for Decedent, but Defendants willfully refused to provide adequate treatment to save Decedent's life.

26. At the time that Decedent was denied medical treatment, his physical condition was so severe and obvious as to render proper medical attention essential for the preservation of his life.

27. Defendants JOHN & JANE DOES #1-5 knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain. Nonetheless, Defendants disregarded that serious medical need, causing Decedent great bodily harm and ultimately death.

28. Defendants acted willfully, wantonly, and/or negligently by continuously denying medical treatment to Decedent and keeping him in solitary confinement prior to his death as his condition rapidly declined.

29. As a result of the foregoing, Defendants JOHN & JANE DOES #1-5, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and

Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

30. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

31. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants JOHN & JANE DOES #1-5 and THE CITY OF NEW YORK and is further seeking punitive damages against Defendants JOHN AND JANE DOES #1-5 in an amount to be determined by jury.

## AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANTS JOHN & JANE DOES #6-10 AND THE CITY OF NEW YORK

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

33. At all relevant times herein, Decedent was under the medical care of, was supposed to be under the medical care of and was a patient of Defendants JOHN & JANE DOES #6-10.

34. During various times between April 3, 2013 through April 7, 2013, Decedent HENRIQUEZ came under the diagnosis, care and treatment of Defendants JOHN & JANE DOES #6-10 in the medical facilities at Rikers, owned, operated, managed, maintained and controlled by Defendant THE CITY OF NEW YORK and it agents, servants and/or employees, for severe pain, weakness, chest pain, leg pain, diarrhea, difficulty breathing and related treatment, conditions, and complications.

35. During various times between April 3, 2013 through April 7, 2013, Decedent HENRIQUEZ was required to remain in various locations at Rikers, including solitary confinement, without the proper medical treatment.

36. Defendants JOHN & JANE DOES #6-10 exhibited a deliberate and flagrant indifference to the life and health of Decedent by failing to properly examine, diagnose, care for, and/or treat Decedent's life-threatening medical condition.

37. Decedent's condition was so severe and obvious that a reasonable doctor or patient would find it important and worthy of treatment, in that he had extreme difficulty breathing, chest pain, had difficulty speaking, and was having difficulty walking. His condition significantly impacted his daily activities.

38. Despite his obviously grave condition, Defendants JOHN & JANE DOES #6-10, acting in concert with JOHN & JANE DOES #1-5 willfully, wantonly, and/or recklessly failed to provide adequate diagnosis and treatment to Decedent HENRIQUEZ.

39. As a result of the foregoing, Defendants JOHN & JANE DOES #6-10, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

40. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

41. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants JOHN & JANE DOES #6-10 and THE CITY OF NEW YORK and

is further seeking punitive damages against Defendants JOHN AND JANE DOES #6-10 in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM OF NEGLIGENCE AGAINST DEFENDANTS JOHN & JANE DOES #1-5 AND THE CITY OF NEW YORK

42. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

43. Defendants JOHN & JANE DOES #1-5 and the CITY OF NEW YORK owed a duty to Decedent, as an inmate incarcerated at Rikers, to provide him with adequate medical treatment.

44. Defendants JOHN & JANE DOES #1-5 and the CITY OF NEW YORK failed to provide Decedent with access to medical treatment by repeatedly denying his requests for medication and medical assistance, despite the fact that they knew or should have known of his grave physical condition and immediate need for such treatment.

45. Defendants' failure to provide Decedent HENRIQUEZ with access to medical treatment in the days immediately preceding his death was both the actual and proximate cause of Decedent's injuries and ultimate death. But for Defendants' denial of medical treatment, Decedent's condition would not have deteriorated to the point of death. Furthermore, death or severe physical injury was a foreseeable result of Defendants' denial of medical treatment to Decedent because Decedent's condition was so severe that he could barely walk, speak, or even breathe and he could obtain treatment by no other means but through Defendants.

46. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

47.     As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants JOHN & JANE DOES #1-5 and THE CITY OF NEW YORK and is further seeking punitive damages against Defendants JOHN AND JANE DOES #1-5 in an amount to be determined by jury.

### AS AND FOR A FOURTH CLAIM OF MEDICAL MALPRACTICE AGAINST DEFENDANTS JOHN & JANE DOES #6-10 AND THE CITY OF NEW YORK

48.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     Defendants JOHN & JANE DOES #6-10 and the CITY OF NEW YORK, their agents, servants and/or employees, were negligent and careless in failing to treat and care for Decedent in a careful and skillful manner; in failing to use approved methods in general use in the care and treatment of Decedent; in failing to diagnose and properly treat the condition from which Decedent was suffering; in failing to prescribe proper medications; in failing to use proper tests and examinations in order to diagnose the condition from which Decedent was suffering; and were otherwise negligent and careless.

50.     Defendants JOHN & JANE DOES #6-10 and the CITY OF NEW YORK failed in their care and treatment of Decedent HENRIQUEZ; failed to treat Decedent; failed to treat and care for Decedent in accordance with the standards of care and treatment generally accepted in the community; failed to use approved methods in general use and to use reasonable care and skill and to use their best judgment in the care and treatment of Decedent.

51.     Defendants caused such injuries to Decedent without any negligence on the part of Decedent contributing thereto.

52.     As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

53.     As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants JOHN & JANE DOES #6-10 and THE CITY OF NEW YORK and is further seeking punitive damages against Defendants JOHN AND JANE DOES #6-10 in an amount to be determined by jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages against JOHN & JANE DOES & 1-10;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       October 15, 2013

Yours, etc.,

Giordano Law Offices
*Attorney for Plaintiff*

By: _____
226 Lenox Avenue
New York, NY 10027
(212) 406-9466