UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SANDRA DE LA CRUZ, Administratrix of the
Estate of ANDY HENRIQUEZ,                              SECOND
                                                       AMENDED
                           **Plaintiff,**                 COMPLAINT

                -against-                          Civ. No.  13 cv 7391 (PAE)

THE CITY OF NEW YORK,  NYC DOCS C.O.                   **PLAINTIFF DEMANDS**
MIGUEL ACOSTA, NYC DOCS C.O. NICHOLAS                  **A TRIAL BY JURY**
ALVAREZ, JOHN & JANE DOE CORRECTIONS
OFFICERS  #1-10, DR. DOWNES,  JOHN &
JANE DOE MEDICAL PERSONNEL 1-10,
CORIZON HEALTH, INC.,

                          **Defendants.**
------------------------------------------X

      Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.    Plaintiff, as Administratrix of the estate of Decedent ANDY HENRIQUEZ, has brought this action pursuant to 42 U.S.C. § 1983 *et. seq.* for deprivation of adequate medical treatment and deprivation of protected rights, including those rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, that transpired in or about April 2013 and in the months prior, when employees and/or agents of the CITY OF NEW YORK, while actually aware of or when they reasonably should have been aware of Decedent ANDY HENRIQUEZ's life-threatening physical condition, acted with deliberate indifference to his life and health and were intentionally injurious, reckless, callous, and grossly negligent in continuously denying the Decedent access to medical treatment essential for the preservation of his life.  Plaintiff also

brings pendent state claims for medical malpractice and negligence for inadequate treatment of Decedent HENRIQUEZ's condition and denial of life-saving treatment.

2.  In or about April 2013, including at the time of his death on April 7, 2013, Decedent HENRIQUEZ was incarcerated at Rikers Island Correctional Facility (hereinafter "Rikers"). Rikers is owned and operated by Defendant THE CITY OF NEW YORK.

3.  Defendants NYC DEPARTMENT OF CORRECTIONS OFFICER MIGUEL ACOSTA, SHIELD # 1520, ("ACOSTA"), NYC DEPARTMENT OF CORRECTIONS OFFICER NICHOLAS ALVAREZ, SHIELD # 18954 ("ALVAREZ"), JOHN AND JANE DOE CORRECTIONS OFFICERS #1-10 and THE CITY OF NEW YORK were responsible for the care, safety and well-being of the Decedent while he was incarcerated at Rikers.

4.  Defendants ACOSTA, ALVAREZ, JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 and THE CITY OF NEW YORK deliberately and indifferently failed to properly care for the health, safety and well-being of Decedent during his incarceration, including during the time period April 3 through April 7, 2013.

5.  On or about April 3, 2013 through April 7, 2013, prior to his death, Decedent HENRIQUEZ was provided medical treatment by DEFENDANTS CORIZON HEALTH, INC., DR. DOWNES and JOHN AND JANE DOE MEDICAL PERSONNEL #1-10 at Rikers Island for chest pain, weakness, cramping in his left leg, as well as other medical conditions, and pain and suffering. Defendants failed to properly examine, diagnose and medically treat Decedent, and instead failed to treat and/or misdiagnosed his life-threatening condition.

6.  Defendants CORIZON HEALTH, INC. ("CORIZON"), DR. DOWNES and JOHN AND JANE DOE MEDICAL PERSONNEL #1-10 failed to properly diagnose and treat Decedent's severe medical condition, were deliberately indifferent to the severity and underlying

cause of Decedent's symptoms, and were willful, wanton and/or reckless in their failure to properly diagnose and treat Decedent HENRIQUEZ.

7.      Decedent HENRIQUEZ repeatedly complained of pain and tightness in his chest and difficulty breathing to Defendant Corrections Officers and medical personnel for at least three days prior to his death. During this time, Decedent asked the staff at Rikers several times for medical assistance, including asthma medication, which Decedent believed would allow him to breathe, and to see medical personnel, yet Decedent was denied both medication and proper medical treatment.

8.      In the days prior to his to death, agents and employees of the CITY OF NEW YORK and Defendants CORIZON, DR. DOWNES and JOHN AND JANE DOE MEDICAL PERSONNEL #1-10 were notified of Decedent HENRIQUEZ's grave condition not only by Decedent, but also by Decedent's fellow inmates at Rikers, Decedent's girlfriend, and Plaintiff (Decedent's mother). Several of Decedent's fellow inmates commented to corrections officers at Rikers that Decedent looked very sick, yet the corrections officers continued to refuse Decedent access to the infirmary or other proper emergency medical treatment. Furthermore, Decedent's girlfriend and Plaintiff, alarmed at Decedent's grave condition when they visited him in the days before his death, each made several calls to 311 to report Decedent's grave condition and to request that Decedent be given emergency medical treatment. However, the repeated requests and telephone calls were ignored, and the City of New York and the staff at Rikers continued to deny Decedent proper emergency medical care.

9.      Furthermore, Decedent HENRIQUEZ's physical appearance made his urgent need for medical attention obvious, yet Defendants, with deliberate indifference to Decedent's health and life, refused to provide adequate and emergency medical treatment. By April 5, 2013, two

days before Decedent's death, Decedent's condition had so severely deteriorated that he had great difficulty walking without assistance. He was extremely pale and weak, could barely speak and was having difficulty breathing, making his life-threatening physical condition obvious to everyone that saw him. Several corrections officers even commented to Decedent that he "looked sick," yet they denied Decedent proper medical treatment.

10. On or about April 6, 2014 at approximately 4:59 p.m., the day before Decedent died, Decedent was seen for his complaints by Defendant DR. DOWNES. DR. DOWNES, recklessly, negligently and with deliberate indifference to Decedent's life, health, safety and medical needs, failed to provide proper medical care, failed to properly diagnose Decedent's condition, failed to administer emergency medical treatment, exams, diagnostics, medication, failed to establish a proper differential diagnosis and cause emergency surgical intervention to be administered, causing Decedent's pain and suffering and death.

11. On April 5-7, 2013, despite the fact that Decedent was unable to walk properly on his own and could barely breathe, and was otherwise visibly and audibly complaining of pain in his chest and illness, Defendants ACOSTA, ALVAREZ, and JOHN AND JANE DOE CORRECTIONS OFFICERS #1-10 left Decedent alone in his solitary confinement cell, failed to check in on decedent or conduct a proper inspection of decedent's cell, failed to look in on decedent, failed to intercede, failed to render emergency medical assistance and failed to call for emergency medical assistance on behalf of decedent.

12. On or about April 7, 2013 in the hours before Decedent's death, Defendants ACOSTA and ALVAREZ and JOHN AND JANE DOE CORRECTIONS OFFICERS #1-10, were assigned to monitor the solitary confinement area in which Decedent was being held and incarcerated. In violation of Rikers Correctional Facility policy and with deliberate indifference

to the health, safety, wellbeing and life of Decedent, Defendants ACOSTA and ALVAREZ and JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 failed to monitor and check on Decedent despite his compromised medical condition.

13. As a result of Defendants' reckless disregard to the safety and life of Decedent and their refusal to protect Decedent HENRIQUEZ and provide for adequate medical treatment, Decedent was caused to die due to a ruptured aortic dissection. Decedent was found dead in his cell by corrections officers at Rikers at 9:37 p.m. on April 7, 2013.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

16. Prior to the commencement of this action, and within ninety days of appointment of Plaintiff as Administratrix of Decedent's estate, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK on August 7, 2013, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and

manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

17. Over thirty days have elapsed since the service of such Notice of Claim, and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

18. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES.

19. At all relevant times, Plaintiff is and was a resident of New York County, New York.

20. At all times relevant hereto, Defendants NYC DEPARTMENT OF CORRECTIONS OFFICER MIGUEL ACOSTA, SHIELD # 1520, NYC DEPARTMENT OF CORRECTIONS OFFICER NICHOLAS ALVAREZ, SHIELD # 18954, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10 acted in their official capacities, and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

21. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

22. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned and operated the facilities at Rikers and the 311 municipal telephone line.

23. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned, operated, oversaw, managed and controlled various medical facilities and medical personnel at

Rikers, including CORIZON medical personnel working at the Rikers Island Correctional Facility.

24. At all times relevant hereto, the aforesaid medical facilities and medical personnel held themselves out as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes hired doctors, surgeons, nurses, specialists, attendants and other personnel.

25. Defendants ACOSTA, ALVAREZ, JOHN & JANE DOES CORRECTIONS OFFICERS #1-10 are employees acting within the scope of their employment as corrections officers for the New York City Department of Corrections at Rikers.

26. Defendants DR. DOWNES and JOHN AND JANE DOE MEDICAL PERSONNEL #1-10 are employees and/or agents of Defendants CORIZON and THE CITY OF NEW YORK, acting within the scope of their employment as medical personnel for the New York City Department of Corrections at Rikers.

27. Upon information and belief, Defendant CORIZON is a corporation organized and existing under the laws of the State of New York, and/or licensed to conduct business in the State of New York.  Defendant CORIZON provided medical personnel at Rikers under contract with THE CITY OF NEW YORK, Department of Corrections, including medical personnel that treated Decedent during all relevant time periods herein.

**AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANTS NYC DEPARTMENT OF CORRECTIONS OFFICER MIGUEL ACOSTA, SHIELD # 1520, NYC DEPARTMENT OF CORRECTIONS OFFICER NICHOLAS ALVAREZ, SHIELD # 18954, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10**

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. Defendants ACOSTA, ALVAREZ, and JOHN and JANE DOE CORRECTIONS OFFICERS #1-10, deliberately and with reckless disregard for the life and safety of Decedent HENRIQUEZ, failed to properly monitor Decedent while he was in solitary confinement, failed to respond to Decedent's repeated requests for proper medical treatment prior to his death, failed to provide and/or allow Decedent HENRIQUEZ to obtain proper medical treatment while being actually aware of, or with deliberate indifference to, the fact that there was a substantial risk that serious harm to or the death of Decedent would result.

30. The refusal of Defendants ACOSTA, ALVAREZ, JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 to provide and allow Decedent to obtain medical treatment was intentionally injurious, reckless, callous, and/or or grossly negligent, in that Defendants were aware of or should have been aware of Decedent's obvious severe and life-threatening condition, Defendants knew or should have known that treatment was necessary to preserve Decedent's life, Decedent and several others continuously requested medical treatment for Decedent, but Defendants with deliberate, willfully and recklessly refused to provide adequate treatment to save Decedent's life.

31. At the time that Decedent was denied medical treatment, his physical condition was severe and obvious as to render proper medical attention essential for the preservation of his life.

32. Defendants ACOSTA, ALVAREZ, JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 knew or should have known that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of

pain. Nonetheless, Defendants disregarded that serious medical need, causing Decedent great bodily harm, pain and suffering, and ultimately death.

33. Defendants acted willfully, wantonly, and/or recklessly and negligently by continuously denying medical treatment to Decedent and keeping him in solitary confinement prior to his death as his condition rapidly deteriorated.

34. As a result of the foregoing, Defendants ACOSTA, ALVAREZ, JOHN and JANE DOE CORRECTIONS OFFICERS #1-10, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth, Fourth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

35. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

36. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants ACOSTA, ALVAREZ, and JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 and is further seeking punitive damages against these Defendants in an amount to be determined by jury.

**AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983**

**BY PLAINTIFF AGAINST DEFENDANTS DR. DOWNES, JOHN &**

**JANE DOE MEDICAL PERSONNEL 1-10 AND CORIZON HEALTH, INC.**

37. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

38. At all relevant times herein, Decedent was under the medical care of, was supposed to be under the medical care of and was a patient of Defendants THE CITY OF NEW YORK, CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10.

39. During various times between April 3, 2013 through April 7, 2013, Decedent HENRIQUEZ came under the diagnosis, care and treatment of Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 in the medical facilities at Rikers, owned, operated, managed, maintained and controlled by Defendant THE CITY OF NEW YORK and it agents, servants and/or employees, for severe pain, weakness, chest pain, leg pain, diarrhea, difficulty breathing and related treatment, conditions, and complications.

40. During various times, including between April 3, 2013 through April 7, 2013, Decedent HENRIQUEZ was required to remain in various locations at Rikers without proper medical treatment.

41. Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 exhibited a deliberate and flagrant indifference to the life and health of Decedent by failing to properly examine, diagnose, care for, and/or treat Decedent's life-threatening medical condition.

42. Decedent's condition was severe and obvious such that a reasonable doctor or medical personnel would find it important and worthy of treatment, in that Decedent had extreme difficulty breathing, chest pain, had difficulty speaking, and was having difficulty walking. His condition significantly impacted his normal functioning and daily activities.

43. Despite his sick and grave condition, Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 willfully, wantonly, and/or recklessly failed to provide adequate diagnosis and treatment to Decedent HENRIQUEZ.

44. As a result of the foregoing, Defendants JOHN & JANE DOES #6-10, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

45. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

46. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 and is further seeking punitive damages against these Defendants in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM OF NEGLIGENCE AGAINST DEFENDANTS ACOSTA, ALVAREZ, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10 AND THE CITY OF NEW YORK

47. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

48. Defendants ACOSTA, ALVAREZ, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10 and the CITY OF NEW YORK owed a duty to Decedent, as an inmate incarcerated at Rikers, to provide him with adequate medical treatment.

49. Defendants ACOSTA, ALVAREZ, JOHN and JANE DOE CORRECTIONS OFFICERS #1-10 and the CITY OF NEW YORK failed to provide Decedent with access to medical treatment by repeatedly denying his requests for medication and medical assistance, despite the fact that they knew or should have known of his grave physical condition and immediate need for such treatment.

50. Defendants' failure to provide Decedent HENRIQUEZ with access to medical treatment in the days immediately preceding his death was both the actual and proximate cause of Decedent's injuries and ultimate death. But for Defendants' denial of medical treatment, Decedent's condition would not have deteriorated to the point of death. Furthermore, death or severe physical injury was a foreseeable result of Defendants' denial of medical treatment to Decedent because Decedent's condition was so severe that he had difficulty walking, speaking, and breathing and he could obtain treatment by no other means but through Defendants.

51. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

52. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants ACOSTA, ALVAREZ, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10 and the CITY OF NEW YORK.

**AS AND FOR A FOURTH CLAIM OF MEDICAL MALPRACTICE AGAINST DEFENDANTS DR. DOWNES, JOHN & JANE DOE MEDICAL PERSONNEL 1-10 CORIZON HEALTH, INC., AND THE CITY OF NEW YORK**

53. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54. Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 and the CITY OF NEW YORK, their agents, servants and/or employees, were negligent and careless in failing to treat and care for Decedent in a careful and skillful manner; in failing to use approved methods in general use in the care and treatment of Decedent; in failing to diagnose and properly treat the condition from which Decedent was suffering; in failing to prescribe proper medications; in failing to use proper tests and examinations in order to diagnose the condition from which Decedent was suffering; and were otherwise negligent and careless.

55. Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 and the CITY OF NEW YORK failed in their care and treatment of Decedent HENRIQUEZ; failed to treat Decedent; failed to treat and care for Decedent in accordance with the standards of care and treatment generally accepted in the community; failed to use approved methods in general use and to use reasonable care and skill and to use their best judgment in the care and treatment of Decedent.

56. Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 and THE CITY OF NEW YORK caused such injuries to Decedent without any negligence on the part of Decedent contributing thereto.

57. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

58. As a result of the foregoing, Plaintiff SANDRA DE LA CRUZ demands monetary damages against Defendants CORIZON, DR. DOWNES and JOHN & JANE DOE MEDICAL PERSONNEL #1-10 and THE CITY OF NEW YORK.

## AS AND FOR A FIFTH CLAIM FOR WRONGFUL DEATH DAMAGES
## AGAINST ALL DEFENDANTS

59.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

60.     Decedent, ANDY HENRIQUEZ, died due to the acts or omissions of all Defendants named in the caption of this lawsuit, who failed to properly care for, examine, diagnose, and/or treat Decedent's life-threatening medical condition for days prior to his death.

61.     Decedent, ANDY HENRIQUEZ, experienced severe conscious pain and suffering as his physical condition rapidly deteriorated over a period of approximately four days, from April 4, 2013 until his death on April 7, 2013.

62.     Decedent, ANDY HENRIQUEZ, is survived by his mother, Plaintiff SANDRA DE LA CRUZ, the Administratrix of his estate, who has suffered damages including loss of support, pecuniary loss, loss of pecuniary value of decedent's services, prospective earnings, society and comfort, care, guidance, and companionship, along with funeral and burial expenses and other such damages permitted by law.

63.     As a consequence of the foregoing, Plaintiff SANDRA DE LA CRUZ, as Administratrix of the Estate of ANDY HENRIQUEZ has been damaged in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages;

  b. Punitive damages against Defendants ACOSTA, ALVAREZ, JOHN & JANE DOE CORRECTIONS OFFICERS #1-10, CORIZON, DR. DOWNES and JOHN and JANE DOE MEDICAL PERSONNEL #1-10

  c. The convening and empaneling of a jury to consider the merits of the claims herein;

  d. Costs and interest and attorney's fees;

  e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
    January 6, 2014

              Yours, etc.,

              Giordano Law Offices
              *Attorney for Plaintiff*

              By:_____
              Carmen S. Giordano (CSG-3927)
              226 Lenox Avenue
              New York, NY 10027
              (212) 406-9466